Brian M. Willen (D.C. BN 490471)
WILSON SONSINI
  GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas 40th Floor
New York, NY 10019
Tel. (212) 999-5800

Stephen Gikow (CA SBN 302484)
Lauren Gallo White (CA SBN 309075)
WILSON SONSINI
  GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Tel. (415) 947-2000

Corynne McSherry (CA SBN 221504)
Kit Walsh (CA SBN 303598)
Adam Schwartz (CA SBN 309491)
ELECTRONIC FRONTIER
  FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel. (415) 436-9333

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Matthew Green, Andrew Huang, and Alphamax, LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. Department of Justice, Loretta Lynch, Library of Congress, U.S. Copyright Office, and Maria Pallante,<br><br>  Defendants. | Civil Case No.: 1:16-cv-01492-EGS<br><br>Hon. Emmet G. Sullivan |

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, Plaintiffs Matthew Green, Andrew Huang, and Alphamax, LLC ("Plaintiffs") respectfully request that the Court take judicial notice of the two documents attached hereto in connection with their Motion for a Preliminary Injunction (ECF No. 16) and their Opposition to Defendants' Motion to Dismiss (ECF No. 18).

A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Civ. P. 201(c)(2). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b). This includes "verifiable public document[s]." *See Hollie v. Smith*, 813 F. Supp. 2d 214, 219 n.6 (D.D.C. 2011).

The two attached documents are matters of public record published by the United States Copyright Office, a unit within Defendant Library of Congress. Both documents are publicly available on the Office's official website. "Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies." *Pharm. Research & Mfrs. of Am. v. United States HHS*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) (citing cases); *see also Cannon v. District of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013) (taking judicial notice of facts available on official government website); *Scan Top Enter. Co. v. Winplus N. Am., Inc.*, 2015 U.S. Dist. LEXIS 109312, at *7 (N.D. Ill. Aug. 19, 2015) (taking judicial notice of information from the Copyright Office website).

The first document is the Copyright Office's Notice of its seventh triennial rulemaking proceeding under Section 1201 of the DMCA. *See* Library of Congress, "Exemptions to Permit Circumvention of Access Controls on Copyrighted Works," 82 Fed. Reg. 29804 (June 30, 2017), available at https://www.gpo.gov/fdsys/pkg/FR-2017-06-30/pdf/2017-13815.pdf (attached as Exhibit A). This Notice embodies the speech-licensing regime that is the subject of Plaintiffs' claims. It provides that petitions for renewal of current exemptions must be submitted by the end of this month, July 31, 2017, and petitions for new or expanded exemptions must be submitted by September 13, 2017. As alleged in the Complaint (ECF No. 1), the Notice provides that the

Librarian of Congress may grant temporary exemptions upon the recommendation of the Register of Copyrights and does not provide any deadline governing when the Librarian must issue a rule granting or denying exemption requests. In addition, in recognition of the Copyright Office's "regulatory flexibility" as to how it may implement the rulemaking process, the Notice introduces a new procedure for petitioning to renew temporary exemptions.

As set forth in their Complaint, Plaintiffs view this process as an unconstitutional speech-licensing regime. Nonetheless, Plaintiffs intend to participate in order to temporarily preserve and then reclaim at least some of their rights to engage in protected speech activity while this litigation is pending.

The second document is a Copyright Office Report consisting of a "comprehensive public study on the operation of section 1201." *See* Library of Congress, "Section 1201 of Title 17: A Report of the Register of Copyrights" (June 2017), available at https://www.copyright.gov/policy/1201/section-1201-full-report.pdf (attached as Exhibit B). Among other findings, the Report recommends "changes to the Office's administration of the triennial rulemaking," *id.*, and states that it "shares the concern that section 1201(a)'s protections for access controls have the potential to implicate activities far outside the traditional scope of copyright law," *id.* at 42.

For the reasons set forth above, Plaintiffs respectfully request that the Court take judicial notice of these documents.

Dated: July18, 2017                    Respectfully submitted,

                                       */s/ Brian M. Willen*
                                       Brian M. Willen

Corynne McSherry (CA SBN 221504)       Brian Willen (D.C. Bar No. 490471)
Kit Walsh (CA SBN 303598)              WILSON SONSINI
Adam Schwartz (CA SBN 309491)               GOODRICH & ROSATI
ELECTRONIC FRONTIER FOUNDATION         Professional Corporation
815 Eddy Street                        1301 Avenue of the Americas
San Francisco, CA 94109                40th Floor
(415) 436-9333                         New York, NY 10019
                                       (212) 999-5800


                                       Stephen Gikow (CA SBN 302484)
                                       Lauren Gallo White (CA SBN 309075)
                                       WILSON SONSINI
                                        GOODRICH & ROSATI
                                       Professional Corporation
                                       One Market Plaza
                                       Spear Tower, Suite 3300
                                       San Francisco, CA 94105
                                       (415) 947-2000

                                       *Counsel for Plaintiffs Matthew Green,
                                       Andrew Huang, and Alphamax, LLC*

4