**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| MATTHEW GREEN ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:16-cv-1492-EGS |
| | ) | |
| v. | ) | Judge: Emmet G. Sullivan |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>JOINT REPORT PURSUANT TO LCvr 16.3</u>

Pursuant to Fed. R. Civ. P. 26(f), LCvR 16.3, and the Court's Standing Order, the parties have conferred and respectfully submit the following Joint Report, setting forth their proposal for further proceedings following the Court's issuance of the Memorandum Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss (ECF Nos. 24 & 25).

### Statement of the Case

Plaintiffs' Complaint raised both facial and as-applied First Amendment challenges to the anti-circumvention and anti-trafficking provisions of the Digital Millennium Copyright Act ("DMCA"), Pub. L. No. 105-304, 112 Stat. 2860 (1998), which prohibit circumvention of technological measures that control access to copyrighted works, sometimes referred to as "access controls" (such as passwords or other authentication tools, payment screens, or encryption), as well as trafficking in devices that enable such circumvention. The Complaint also raised challenges under the Administrative Procedure Act ("APA") to the 2015 Final Rule issued by the Librarian of Congress pursuant to the DMCA's triennial rulemaking process—a process for identifying temporary exemptions from the anti-circumvention provision.

Defendants filed a motion to dismiss on September 29, 2016. In a Memorandum Opinion and Order issued on June 27, 2019, the Court granted in part Defendants' motion. The Court dismissed Plaintiffs' facial First Amendment claims, as well as their APA challenges to the 2015 Final Rule. Order of June 27, 2019, at 1. Thus, all claims against the Rulemaking Defendants (the Library and Librarian of Congress, the U.S. Copyright Office, and the Register of Copyrights) have been dismissed, and the only claims currently at issue are Plaintiffs' as-applied First Amendment challenges to the statutory provisions, asserted against the U.S. Department of Justice and the Attorney General. Plaintiffs' as-applied First Amendment claims are based on their assertions that they wish to engage in activities that qualify as protected speech but would circumvent access controls on copyrighted works, and would traffic in devices that enable circumvention, in violation of the DMCA.

Pursuant to the Court's Opinion, its evaluation of Plaintiffs' as-applied First Amendment claims will be governed by intermediate scrutiny. Mem. Op. at 46. The Court also held that the first two prongs of intermediate scrutiny are satisfied because the DMCA's anti-circumvention and anti-trafficking provisions further a substantial government interest that is unrelated to the suppression of free expression. *Id.* at 47. The only remaining issues are whether Plaintiffs have standing beyond the pleading stage, and whether the provisions, as applied to Plaintiffs, burden substantially more speech than is necessary to further the government's interest.

\* \* \*

The topics listed in Local Civil Rule 16.3 have been discussed by the parties, who have agreed as follows:

1.    **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The parties agree that the remaining issues in this case can be resolved by motions for summary judgment. However, Plaintiffs have pending a Motion for Preliminary Injunction, filed on September 29, 2016. By Minute Order of September 30, 2016, the Court stayed that Motion pending resolution of Defendants' Motion to Dismiss. By Minute Order of September 21, 2017, the Court stayed all proceedings in this case pending resolution of the pending motions. Now that the Court has issued a decision on Defendants' Motion to Dismiss, Plaintiffs intend to file a renewed Motion for Preliminary Injunction that takes into account the Court's ruling as well as the 2018 triennial rulemaking by the Librarian of Congress. The parties agree that, during proceedings on Plaintiffs' renewed Motion for Preliminary Injunction, other obligations, including Defendants' deadline to file an Answer and the parties' obligations under Fed. R. Civ. P. 16 and 26 and LCvR 16.3, should remain stayed.

2.    **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties agree that, in light of the stay of proceedings pending resolution of Plaintiffs' renewed Motion for Preliminary Injunction, the deadline for joinder or amendment should be stayed as well. The parties believe that, beyond the issues disposed of by the Court's decision on Defendants' Motion to Dismiss, the preliminary injunction proceedings may result in additional narrowing of factual and legal issues.

3.    **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that the case should not be assigned to a magistrate judge.

4.    **Whether there is a realistic possibility of settling the case.**

The parties agree that there is not a realistic possibility of settling the case.

5.    **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken**

**to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties have discussed ADR and their response to this provision with their clients and do not believe the case would benefit from the Court's ADR procedures.

**6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties believe the remaining issues in the case can be resolved by summary judgment. However, as described above, Plaintiffs intend to file a renewed Motion for Preliminary Injunction, and the parties agree that other proceedings should remain stayed pending the Court's resolution of that Motion. The parties have further agreed to a briefing schedule, which reflects the accommodation of Defendants' counsel's request for additional time in light of conflicting briefing deadlines in other cases, in connection with Plaintiffs' renewed Motion for Preliminary Injunction, as follows:

August 22, 2019       Plaintiffs will file a renewed Motion for Preliminary Injunction

September 27, 2019   Defendants will file their opposition to Plaintiffs' motion

October 11, 2019      Plaintiffs will file their reply

**7.      Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties believe that initial disclosures may be dispensed with and stipulate to that effect.

**8.      The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties believe that discovery should be stayed pending resolution of Plaintiffs' renewed Motion for Preliminary Injunction. Following resolution of that Motion, the parties anticipate that limited discovery may be appropriate. The parties propose that they will submit a joint status report following resolution of the Motion for Preliminary Injunction, setting forth their views regarding discovery, and proposed deadlines, if applicable, at that time.

9.   **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

At this time, the parties do not anticipate any issues regarding disclosure, discovery, or preservation of electronically stored information.

10.  **Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

None at this time.

11.  **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The parties anticipate that expert witnesses may be used. The parties propose to address this issue further in the joint status report filed after resolution of Plaintiffs' renewed Motion for Preliminary Injunction.

12.  **In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

13.  **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Other than as set forth above, the parties do not request that the trial and/or discovery be bifurcated or managed in phases.

**14.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Should a trial be necessary, the parties propose that the date for a pretrial conference be set for approximately 60 days after the Court rules on any post-discovery dispositive motions. If the deadline for dispositive motions passes with none filed, the conference should be set for approximately 60 days after that date.

**15.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Should a trial be necessary, the parties propose that the trial date be set at the pretrial conference.

**16.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

July 11, 2019                              Respectfully submitted,

                                          JOSEPH H. HUNT
                                          Assistant Attorney General
                                          ERIC R. WOMACK
                                          Assistant Director, Federal Programs Branch

                                          /s/ Kathryn L. Wyer
                                          KATHRYN L. WYER
                                          U.S. Department of Justice, Civil Division
                                          1100 L Street, N.W., Room 12014
                                          Washington, DC   20005
                                          Tel. (202) 616-8475 / Fax (202) 616-8470
                                          kathryn.wyer@usdoj.gov
                                          *Attorneys for Defendants*

                                          /s/ Brian M. Willen
                                          BRIAN M. WILLEN (D.C. Bar No. 490471)

WILSON SONSINI
GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas
40th Floor
New York, NY 10019
(212) 999-5800
*Attorneys for Plaintiffs*