BRIAN M. WILLEN (D.C. BN 490471)
WILSON SONSINI
  GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Tel. (212) 999-5800

LAUREN GALLO WHITE (CA SBN 309075)
WILSON SONSINI
  GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Tel. (415) 947-2000

CORYNNE MCSHERRY (CA SBN 221504)
KIT WALSH (CA SBN 303598)
ADAM SCHWARTZ  (CA SBN 309491)
ELECTRONIC FRONTIER
  FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel. (415) 436-9333

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Matthew Green, Andrew Huang, and Alphamax, LLC, | ) ) ) | Civil Case No. 16-cv-01492-EGS |
| Plaintiff, | ) ) | **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| v. | ) ) | **PURSUANT TO FED. R. CIV. P. 65(a)** |
| U.S. Department Of Justice, William Barr, Library Of Congress, Carla Hayden, U.S. Copyright Office, and Karyn A. Temple, | ) ) ) ) | Judge:  Emmet G. Sullivan |
| Defendants. | ) ) ) | |

Plaintiffs Matthew Green, Andrew "bunnie" Huang, and Alphamax, LLC ("Alphamax",

collectively "Plaintiffs"), by and through counsel and pursuant to Federal Rule of Civil

Procedure 65(a), respectfully move for a preliminary injunction that enjoins defendants U.S.

Department of Justice and Attorney General William Barr from enforcing the Digital Millennium

Copyright Act (DMCA)'s criminal prohibitions on circumvention and trafficking, 17 U.S.C. § 1201(a), and enjoins defendant Carla Hayden to grant exemptions that would allow Plaintiffs and others to engage in conduct protected by the First Amendment. Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel discussed this motion with opposing counsel in a good-faith effort to determine whether there was any opposition and to narrow the areas of disagreement, and opposing counsel indicated that Defendants' oppose the motion.

In support of this motion, Plaintiffs submit a supporting memorandum of points and authorities and state as follows:

1.      Dr. Green is an Assistant Professor of computer science and applied cryptography at the Johns Hopkins Information Security Institute. He studies the security of computer systems and teaches others to do the same, in order to improve the safety and security of those who rely upon computers. Dr. Green seeks to research and publish a book on computer security research that would teach readers—using instructions written in English and in software languages—how to circumvent technological protections in order to discover and fix security flaws in computer systems. But the publication of Dr. Green's book is restricted by the DMCA's anti-trafficking rule, 17 U.S.C. § 1201(a)(2).

2.      Dr. Huang is an engineer with a Ph.D from the Massachusetts Institute of Technology. He owns several small businesses, including Alphamax, and is a Research Affiliate of the MIT Media Lab. Dr. Huang and Alphamax seek to research, develop, use, and publish software and hardware for transforming and manipulating videos that requires them to work around a video content protection measure called HDCP. But the research and development of that software and hardware is restricted by the DMCA's anti-circumvention rule, 17 U.S.C. § 1201(a)(1)(A), and the use and publication of those products is restricted by the DMCA's anti-

trafficking rule, 17 U.S.C. § 1201(a)(2).

3.      Plaintiffs are likely to prevail on the merits of their First Amendment claims. The anti-trafficking rule violates the First Amendment as applied to Dr. Green's book. The anti-circumvention rule violates the First Amendment as applied to Dr. Huang and Alphamax's research and development of their software and hardware. The anti-trafficking rule violates the First Amendment as applied to Dr. Huang and Alphamax's use and publication of their software and hardware.

4.      Plaintiffs also maintain that they are likely to prevail on the merits of their dismissed claims and issues, including their claim that the anti-circumvention and anti-trafficking provisions of the DMCA are facially overbroad, that the provisions should be reviewed under strict scrutiny, and that defendants Library of Congress, Carla Hayden, U.S. Copyright Office, and Karyn A. Temple (collectively "Rulemaking Defendants") have violated the Administrative Procedure Act.

4.      Plaintiffs satisfy the other prerequisites for a preliminary injunction. They are likely to suffer irreparable harm, the balance of the equities tip in their favor, and an injunction is in the public interest.

WHEREFORE, Plaintiffs respectfully request that this Court enter a preliminary injunction:

1.      Enjoining defendants DOJ and Barr from enforcing the criminal prohibitions on circumvention and trafficking; and

2.      Enjoining defendants DOJ and Barr from enforcing the criminal prohibitions on trafficking against Dr. Green; and

3.      Enjoining defendants DOJ and Barr from enforcing the criminal prohibitions on

-3-

circumvention and trafficking against Dr. Huang and Alphamax; and

4.    Enjoining defendant Carla Hayden to grant exemptions to the criminal prohibitions on circumvention that would allow Dr. Green, Dr. Huang, Alphamax, and others to engage in conduct protected by the First Amendment.

DATED: September 19, 2019

Respectfully submitted by:

_/s/ Brian M. Willen_
Brian M. Willen

| | | |
|---|---|---|
| Corynne McSherry | Lauren Gallo White | Brian Willen |
| Kit Walsh | WILSON SONSINI | D.C. Bar No. 490471 |
| Adam Schwartz | GOODRICH & ROSATI, | WILSON SONSINI |
| ELECTRONIC FRONTIER | Professional Corporation | GOODRICH & ROSATI, |
| FOUNDATION | One Market Plaza | Professional Corporation |
| 815 Eddy Street | Spear Tower, Suite 3300 | 1301 Avenue of the |
| San Francisco, CA 94109 | San Francisco, CA 94105 | Americas |
| (415) 436-9333 | (415) 947-2000 | 40th Floor |
| | | New York, NY 10019 |
| | | (212) 999-5800 |

MOT. FOR PRELIMINARY INJUNCTION
CASE NO. 16-cv-01492-EGS