**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATTHEW GREEN, ANDREW HUANG, AND ALPHAMAX, LLC, | |
| Plaintiffs, | Civil Case No. 16-cv-01492-EGS |
| v. | |
| U.S. DEPARTMENT OF JUSTICE, WILLIAM BARR, LIBRARY OF CONGRESS, CARLA HAYDEN, U.S. COPYRIGHT OFFICE, AND KARYN A. TEMPLE, | **CONSENT MOTION FOR LEAVE TO FILE *AMICUS BRIEF* IN SUPPORT OF THE GOVERNMENT AND MEMORANDUM IN SUPPORT BY DIGITAL CONTENT PROTECTION, L.L.C., INTEL CORPORATION, ADVANCED ACCESS CONTENT SYSTEM LICENSING ADMINISTRATOR, LLC, AND DVD COPY CONTROL ASSOCIATION** |
| Defendants. | |

*Amici curiae* Digital Content Protection, L.L.C. ("DCP"), Intel Corporation ("Intel"), Advanced Access Content System Licensing Administrator, LLC ("AACS LA"), and DVD Copy Control Association ("DVD CCA") move this Court for leave, pursuant to Local Civil Rule 7(o) to file an *amicus* brief in support of Defendants and in opposition to the relief requested by Plaintiffs in their pending motion for a preliminary injunction. A proposed order is attached hereto. Counsel for both Plaintiffs and Defendants have consented to *Amici* filing a brief. In support of this motion, *Amici* state:

1.      *Amici* are the creators, licensors, and administrators of Technological Protective Measures ("TPMs") that protect digital content when stored on physical media like DVDs and when transmitted from a "source device" like a DVD player or computer to a screen or other "sink device." These TPMs include the Content Scramble System ("CCS") used to protect content on DVDs from unauthorized use or copying, the Advanced Access Content System ("AACS") used to encrypt content on Blu-ray Discs also to protect against unauthorized use or

copying, and the High-Bandwidth Digital Content Protection system ("HDCP") used to encrypt content for transit over High-Definition Multimedia Interface ("HDMI"). These TPMs represent the culmination of decades of cooperative efforts between electronics manufacturers, the information technology sector, and the motion picture industry and insure that consumers have simple, safe, and seamless access to video content across a variety of devices and media.

2.      The consistent and reliable enforcement of the anti-circumvention and anti-trafficking provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*, is a foundational assumption of all digital content protection systems, including the TMPs created, licensed, and administered by *Amici*. For decades, *Amici* have been working alongside lawmakers, content creators, and manufacturers to protect the rights of copyright holders and licensors while promoting the widespread use of copyrighted content—including the fair use of that content through technologies and licenses backed by reasonable legislation and regulations. These efforts included the passage of the Digital Millenium Copyright Act in 1998, and the triennial rulemaking process for issuing exceptions to that Act's provisions. *Amici* have actively participated in these triennial rulemaking proceedings, including submitting comments in opposition to the exemption sought by Plaintiff Andrew "bunnie" Huang to circumvent any HDCP-protected content steaming over HDMI. *Amici* are thus uniquely positioned to provide the Court with information about the vital role that TMPs play in the digital content ecosystem and the irreparable harm to that ecosystem and to the public that would result from granting Plaintiffs' request for a preliminary injunction in this case.

3.      Local Civil Rule 7(o) states:  "A motion for leave to file an *amicus* brief shall concisely state the nature of the movant's interest; identify the party or parties supported, if any; and set forth the reasons why an *amicus* brief is desirable, why the movant's position is not

adequately represented by a party, and why the matters asserted are relevant to the disposition of the case."

4.       This Court has "broad discretion" in deciding whether to allow the filing of *amicus curiae* briefs. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007) (citing *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002)). "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs.*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [*Amicus*]'s input");

5.       *Amici* have an important interest in the outcome of this case because each *Amicus* participates in the marketplace for the protection of digital content and creates and licenses TPMs that would be severely undermined were Plaintiffs to be granted a preliminary injunction. *Amici's* existence depends on the efficacy and reliability of the TPMs they create and market. Plaintiffs Huang and Green seek to traffic in materials and devices that can circumvent those

TPMs or enable others to do so. In particular, Plaintiff Huang's NetVCR would permit users to circumvent HDCP protection and thus gain unrestricted access to *any* content that flows over an HDMI transmission, regardless of how that content was protected at its source. Allowing such action, even temporarily, endangers the entire content protection system that has developed over the past two decades, and the valuable copyrighted content that depends on that system.

6. *Amici* can provide the Court with a perspective that Defendants do not have, and give vital insight into the questions of public interest at the core of the Court's preliminary injunction inquiry. *Amici* have the technical and market expertise to speak to the importance of Section 1201 in creating a stable foundation for the propagation of industry-standard TMPs, like HDCP, CSS, and AACS and the danger to that foundation should the Court grant Plaintiffs' motion for a preliminary injunction. *Amici* will also shine light on the immediate, permanent, and negative impact that granting a preliminary injunction would have on these TPMs' technical ability to prevent infringing use of copyrighted materials.

7. *Amici's* brief will respond to the particular issues presented in Plaintiffs' request for a preliminary injunction, including those merits issues identified by the Court in its ruling on Defendants' motion to dismiss. In that ruling, the Court instructed that the government should address in more detail why, *inter alia*, "'the anti-trafficking restriction in [section] 1201(a)(2) would be less effective if individuals and companies such as [p]laintiffs were allowed to disseminate decryption technologies, even if they intended the dissemination to serve a limited purpose," and why allowing Plaintiffs to disseminate such technology "would undermine the effectiveness of access controls, thus interfering with the online market for copyrighted works by deterring copyright owners from making works available online at all." *Amici* have the technical expertise to answer those questions, and the answers to those questions bear on Plaintiffs'

likelihood of success on the merits. Further, *Amici* intend to provide analysis as to how the balance of the hardships and public interest weigh heavily in favor of denying Plaintiffs' request for a preliminary injunction, and how the grant of such an injunction could cripple the content protection system far into the future.

WHEREFORE, for the reasons stated above, *Amici* request from the Court leave to file a brief by no later than October 31, 2019.  The filing of the brief will not unduly delay the Court's ability to rule on any pending matter.  A proposed order is submitted herewith.

DATED: October 9, 2019

Respectfully submitted:


/s/___James M. Burger_____
James M. Burger (DC Bar No. 151720)
THOMPSON COBURN LLP
1909 K Street, NW Suite 600
Washington, DC 20006
(202) 585-6909
jburger@thompsoncoburn.com
*Attorneys for Intel Corporation and*
*Digital Content Protection, L.L.C.*

/s/_____David Jonathan Taylor_____
David Jonathan Taylor (DC Bar No. 483431)
RIGHT SIZE LAW PLLC
621 G Street, SE
Washington, DC 20003
(202) 546-1536
david.taylor@rightsizelaw.com
*Attorneys for DVD Copy Control Association,*
*Inc. and Advanced Access Content System*
*Licensing Administrator LLC*

**CERTIFICATE OF SERVICE**

I certify that on October 9, 2019, I caused a true and correct copy of the foregoing to be filed with the Court using the Court's Electronic Case Files System ("ECF"). The document is available for review and downloading via the ECF system and will be served upon all counsel of record by operation of the ECF system.

_/s/ James M. Burger_____

James M. Burger