UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Matthew Green, *et al.*, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>U.S. Department of Justice, *et al.*, )<br>)<br>   Defendants. ) | Civil Action No. 16-cv-01492(EGS) |

### DECLARATION OF STEPHEN P. BALOGH

  I, Stephen P. Balogh, an adult and over the age of twenty-one (21) years, hereby declare pursuant to 28 U.S.C. Section 1746 as follows:

1.  I have personal knowledge of all of the following facts and, if called as a witness, could and would competently testify thereto.

2. I am currently President of Digital Content Protection L.L.C. ("DCP") – the Licensor of the High-bandwidth Digital Content Protection ("HDCP") system. DCP is a wholly owned subsidiary of Intel Corporation ("Intel").

3.  From April 16th, 1990 to date, I have occupied various positions at Intel. These positions included Technical Policy Specialist, Technical Marketing Engineer, and Engineering Support.

4.  HDCP protects high-value digital audiovisual content over digital display interfaces including the High-Definition Multimedia Interface ("HDMI") connection. HDMI delivers content between the encrypted source of that audiovisual content and the digital display

or another connected licensed device. Such encrypted sources could be a DVD or Blu-ray player, an Internet Streaming video device (e.g., Netflix or Amazon Prime Video via a Roku or AppleTV set-top box), or a cable set-top box. Each of those sources decrypts the audiovisual content, where such content may be protected by an upstream content protection system, and passes the content to the HDCP function in the device, which re-encrypts the content, confirms the destination (called a "sink"), then streams the encrypted video over the HDMI connection. If the sink is a screen, it securely decrypts and displays the video.

5.    Almost without exception, encrypted delivery systems that encrypt video content require device manufacturers to license material (such as keys) to decrypt the content. Those licenses limit the output for transmission to other devices to "protected" outputs using approved protection systems. For the HDMI connection, almost universally those delivery systems permit the output only if it uses HDCP. Currently, all known (to DCP LLC) video delivery systems permit HDCP. DCP has over 800 active HDCP licenses to device manufacturers. I estimate that we have issued tens of billions of HDCP encryption and decryption keys. If publication of hacking material for HDCP or products like a NeTVCR (as proposed here) are permitted, the effect would be to eviscerate virtually every single video content delivery protection system exposing valuable copyrighted video content to massive infringement.

6.    It is claimed that encryption, specifically HDCP, prevents manipulating the protected video in many ways. In the Librarian of Congress' The Exemption to Prohibition on Circumvention of Copyright Protection Systems for Access Control Technologies Final Rule, the Librarian stated:[1] "opponents set forth a large number of concrete examples of potential

---

[1] Plaintiff's Exhibit 3 at 19.

- 3 -

alternatives to circumvention that the petitioner failed to meaningfully challenge." In fact, DCP set forth 108 pages of examples that covered all of the so-called missing functionality in the market as of February 2018. A summary of those functions, also submitted in that proceed is attached as Exhibit A. The function not permitted is producing unprotected copies, which can readily be further copied and distributed across the Internet causing massive infringement.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of October, 2019.

DocuSigned by:

*Stephen Balogh*

2A1A3818CDCA4D9...

Stephen P. Balogh